**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Eric S Greene, II,

        Plaintiff,

v.

Regions Bank, et al.,

        Defendants.

No. CV-26-01314-PHX-DWL

**ORDER**

Plaintiff Eric S. Greene, II ("Plaintiff"), who is proceeding *pro se*, has filed a motion for a temporary restraining order and preliminary injunction. (Doc. 13.)  The motion states "FORECLOSURE IMMINENT" and seeks an injunction barring "any trustee's sale, foreclosure sale, or transfer of the real property at 4406 W. Beverly Road, Laveen, Arizona 85339, APN 300-18-079, pending resolution of this action or further order of this Court." (*Id.* at 1, 6-7.)

In response, Defendants Regions Bank d/b/a Regions Mortgage ("Regions Bank"), Federal National Mortgage Association ("Fannie Mae"), and ZBS Law LLP ("ZBS Law") (collectively, "Defendants") argue that Plaintiff's motion should be denied for a host of reasons, including that no trustee's sale is currently scheduled or pending and Plaintiff is thus effectively "attempt[ing] to enjoin a non-existent sale." (Doc. 16 at 1-2.)

Plaintiff did not file a reply and the time to do so has expired.

On this record, Plaintiff has not established an entitlement to preliminary injunctive relief, which is an "extraordinary and drastic remedy, one that should not be granted unless

the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (cleaned up). *See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") (citation omitted); *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.").

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. However, "if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (cleaned up). Regardless of which standard applies, the movant "carries the burden of proof on each element of either test." *Env't. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

As for the second factor, it appears that no trustee's sale is pending. Although Plaintiff enclosed, as an attachment to his complaint, a notice stating that a trustee's sale of the property at issue had once been scheduled for February 26, 2026 (Doc. 1-1 at 23-24), other attachments to the complaint show that a state-court judge subsequently barred the trustee's sale from going forward on that date (*id.* at 26-28). There is no evidence that the trustee's sale has been rescheduled, let alone that it is imminent. And although Regions Bank recently obtained an order from the bankruptcy court granting relief from the automatic stay, such that Regions Bank may now be "entitled to enforce all of its rights and remedies in connection with the Property, including, without limitation, any actions Regions [Bank] may undertake or direct to take possession or control of the Property" (Doc. 16-1 at 3), this is not the same thing as proof that a trustee's sale is planned or

imminent.  The extraordinary remedy of preliminary injunctive relief is unwarranted in this circumstance, as Plaintiff has not shown he is likely to suffer irreparable harm in the absence of an injunction barring a hypothetical future development.  *Cf. Nino v. JPMorgan Chase N.A.*, 2011 WL 5040454. *2 (W.D. Tex. 2011) ("Instead[] of alleging that JPMorgan noticed foreclosure, Nino attempted to contrive a ripe controversy by alleging that JPMorgan is not the legal holder of his note and arguing that JPMorgan does not have authority to enforce the note or foreclose on the property.  Nino attached his loan documents to support his argument that JPMorgan does not have authority to foreclose on the loan, but he did not attach any document indicating JPMorgan initiated foreclosure action.  Nothing in the amended complaint demonstrates a ripe controversy.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 13) is **denied**.

Dated this 26th day of June, 2026.

Dominic W. Lanza
United States District Judge

- 3 -