**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Eric S Greene, II,

Plaintiff,

v.

Regions Bank, et al.,

Defendants.

No. CV-26-01314-PHX-DWL

**ORDER**

Plaintiff has filed an "emergency motion" seeking a "stay" of the August 18, 2026 order and judgment. (Doc. 39.)

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion . . . [that] is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). "Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis in *Nken*: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (cleaned up). The first two factors "are the most critical." *Nken*, 556 U.S. at 434. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

Under the first *Nken* factor, "a petitioner must show, at a minimum, . . . a substantial

case for relief on the merits," although the movant need not show "that success is more likely than not." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). Plaintiff has not satisfied this factor here for the reasons stated in the August 18, 2026 order. (Doc. 36.) Furthermore, the relief Plaintiff seeks would substantially injure Defendants, as they have the right to foreclose, and the public interest supports the expeditious resolution of this action (which has already taken place).

At any rate, Plaintiff is not actually seeking a "stay"—the relief Plaintiff actually seeks is an injunction. *See, e.g.*, *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 2012 WL 1252671, *1 (D. Ariz. 2012) ("If Plaintiffs were actually requesting that this Court stay its Order dismissing the [complaint], such a stay would not grant them the relief that they request, as this would merely reinstate Plaintiffs to the position they were in after they filed their Complaint; and, simply filing their Complaint did not have the effect of enjoining any foreclosure-related proceedings against them.") (cleaned up). In light of the Court's conclusion that Plaintiff's claims are meritless, amendment would be futile, and Plaintiff's amendment request was made "in bad faith" and is "merely another stall tactic" (Doc. 36 at 8-9), Plaintiff has not established entitlement to injunctive relief, which is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for stay of judgment (Doc. 39) is **denied**.

Dated this 21st day of August, 2026.

Dominic W. Lanza
United States District Judge